Jonathan G. Brinson (#025045)
jbrinson@polsinelli.com
**POLSINELLI PC**
CityScape
One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033

*Attorneys for Plaintiff JDA Software, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JDA Software, Inc.,<br>Plaintiff,<br>vs.<br>Sabert Holding Corp.,<br>Defendant. | Case No.<br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JDA Software, Inc. ("JDA") alleges the following claims for breach of contract and copyright infringement against Defendant Sabert Holding Corp. ("Sabert").

**THE PARTIES**

1. Plaintiff JDA is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Arizona.

2. Upon information and belief, Defendant Sabert is a corporation organized and existing under the laws of the state of New Jersey, with its principal place of business in New Jersey.

**JURISDICTION AND VENUE**

3. JDA incorporates by reference each and every allegation contained in paragraphs 1 through 2 of this Complaint.

4. This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in

controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this claim arises under the United States Copyright Act, Title 17, United States Code.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to these claims occurred within the district, and the parties conduct business within this district.

## GENERAL ALLEGATIONS

7. JDA incorporates by reference each and every allegation contained in paragraphs 1 through 6 of this Complaint.

8. This is an action for breach of contract and copyright infringement.

9. In addition to other products and services, Plaintiff JDA develops and sells complex business supply chain software and related services, including implementation services.

10. Defendant Sabert manufactures food packaging products.

## JDA AND SABERT ENTER INTO AN AGREEMENT

11. On or about June 29, 2012, JDA and Sabert entered into a Customer Agreement ("the Agreement") wherein JDA licensed its software, including: JDA Demand, JDA Demand Classification, and JDA Master Planning (collectively the "Software") to Sabert.

12. Also on or about June 29, 2012, JDA and Sabert entered into a maintenance agreement wherein JDA would provide maintenance services for their Software.

13. Along with the Software, JDA agreed to provide licenses for: 2 Power End Users for its JDA Demand and Demand Classification Software, and 2 Power End Users for its JDA Master Planning Software.

## JDA CONDUCTS AN INSPECTION

14. Pursuant to paragraph 2.8 of the Agreement, JDA was permitted to conduct regular audits to verify that Sabert's use of the Software was within the scope permitted by

the Agreement.

15. On or about May 24, 2016, JDA informed Sabert that it would be conducting a compliance inspection to ensure that Sabert was properly licensed for all JDA Software deployed through their organization.

16. That inspection resulted in, among other things, JDA's discovery that Sabert had exceeded its licenses in violation of the Agreement.

17. Although the Agreement only permitted 2 Power End Users for its JDA Demand and Demand Classification Software, Sabert was found to have 11 additional Power End Users and 1 additional Casual End User.

18. Furthermore, even though the Agreement only permitted 2 Power End Users for its JDA Master Planning Software, Sabert was found to have 12 additional Power End Users.

19. On or about September 19, 2016, JDA sent notice to Sabert of its material breach of the Agreement, with a payment request in the amount of $457,002.00 to reflect Sabert's violation of the Agreement and the cost for the additional unlicensed Users.

20. As part of this payment amount, JDA requested back maintenance fees for the additional unsanctioned licenses.

21. Sabert failed to cure their breach by paying for the additional, unsanctioned licenses.

**JDA PROPERLY TERMINATES THE AGREEMENT**

22. On or about November 18, 2016, JDA sent a letter to Sabert informing it that the Agreement was terminated due to Sabert's failure to cure its breach set forth in the September 19th letter.

23. Paragraph 7.1 of the Agreement provides the following with respect to Breach:

> Upon any failure by either party to perform or comply with any of its material obligations under this Agreement, including the obligation to make payments under this Agreement or any other agreement between JDA and Customer when due, which breach is not cured within 30 days of receipt of written

> notice, the non-breaching party will have the right, without waiving any right or remedy otherwise available, to cease performance until such failure is remedied or terminate this Agreement. Consent to extend the cure period will not be unreasonably withheld, so long as the breaching party has commenced cure during the 30 day notice period and pursues cure of the breach in good faith.

24. Pursuant to paragraph 7.1 of the Agreement, JDA's September 19th letter served as proper written notice.

25. Sabert was on notice of their breach on September 19th and failed to cure that breach within 30 days.

26. Due to Sabert's failure to cure their breach within 30 days of receipt of JDA's written notice, JDA properly terminated the Agreement on November 18, 2016.

27. Even after JDA properly terminated the Agreement, Sabert continued to use JDA's Software in violation of JDA's copyrights.

**THE ARBITRATION CLAUSE**

28. On or about January 9, 2017, Sabert filed a demand for arbitration with the American Arbitration Association.

29. Although paragraph 9.2 of the Agreement allows for arbitration, that arbitration clause is not applicable in this case.

30. Paragraph 9.2 of the Agreement provides:

> ***Except at the option of JDA with respect to a claim against Customer for the nonpayment by Customer of amounts owing to JDA*** or at the option of either party with respect to the right to apply to a court of competent jurisdiction for equitable or injunctive relief, any controversy or claim arising out of or related to this Agreement or in connection with a breach of this Agreement ("Claim") will be settled by arbitration before a single arbitrator under the commercial arbitration rules of the American Arbitration Association in effect at the time such Claim is submitted to arbitration. The arbitrator will be a person having experience with and knowledge of the computer software business. The arbitrator will not have any authority to make any ruling, finding or award that does not conform to this Agreement. The arbitral award will be final and binding on all parties and may be entered as a judgment and enforceable by any court of competent jurisdiction.

31. Paragraph 9.2 of the Agreement explicitly states an exemption from

arbitration in cases where JDA is dealing with a claim against a Customer for nonpayment of amounts owing.

32. By its own terms, the arbitration provision also does not apply to JDA's copyright infringement claim, which does not arise from the Agreement.

33. In this case, JDA has a claim against Sabert for nonpayment of amounts owing to JDA, and for copyright infringement.

34. Pursuant to paragraph 9.2 of the Agreement, JDA is not required to arbitrate this dispute.

## COUNT I

## (Breach of Contract)

35. JDA incorporates by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

36. The Agreement constitutes a valid and enforceable contract.

37. The Agreement only permitted a specific number of Power End Users and Casual End Users for each piece of Software.

38. Sabert breached the Agreement by exceeding the number of Power End Users and Casual End Users for each piece of Software as permitted by the Agreement.

39. Sabert further breached the Agreement by failing to make payments when due.

40. Sabert further breached the Agreement by failing to cure its failure to pay amounts due and owing.

41. Sabert's breach of the Agreement has caused JDA damages in an amount to be determined at trial, in addition to pre- and post-judgment interest and attorney fees.

## COUNT II

## (Copyright Infringement)

42. JDA incorporates by reference each and every allegation contained in paragraphs 1 through 41 of this Complaint.

43. JDA is the owner of United States registered copyrights, U.S. Copyright No.

TXu001111024 (entitled, "Demand planning by Intellect: ver. 2003.5.0."); U.S. Copyright No. TXu001195894 (entitled, "Demand planning by Intellect, version 2004.1."); U.S. Copyright No. TXu001699622 (entitled, "Demand Management by Manugistics"); U.S. Copyright No. TX0008243672 (entitled, "JDA Fulfillment"); U.S. Copyright No. TXu001790025 (entitled, "JDA Fulfillment v. 7.7.0.0."); and U.S. Copyright No. TXu001828944 (entitled, "JDA Fulfillment v. 7.8.0.0."), in and to its Software (collectively the "Copyrights").

44. In violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501, Sabert has infringed JDA's Copyrights by and through its unauthorized use of JDA's Software. Among other things, Sabert's use of JDA's Software exceeded the number of users licensed under the Agreement. Further, Sabert has continued to use JDA's Software even after the termination of the Agreement.

45. Sabert's infringement has been willful and intentional, without justification and in purposeful disregard of JDA's rights.

46. Sabert's infringement of JDA's Copyrights has proximately caused JDA actual and/or statutory damages under 17 U.S.C. § 504.

47. In addition, pursuant to 17 U.S.C. § 504(b), JDA is entitled to an award of any of Sabert's profits attributable to its infringement.

48. Pursuant to 17 U.S.C. § 505, JDA is also entitled to an award of its attorneys' fees and costs incurred in connection with this matter.

49. Sabert's infringement of the Copyrights is continuing, and, unless it is enjoined by this Court, JDA will continue to sustain immediate, irreparable and substantial injury, for which there is no adequate remedy at law. Accordingly, JDA is further entitled to preliminary and permanent injunctive relief restraining and enjoining Sabert from continued infringement of JDA's Copyrights.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff JDA Software, Inc. respectfully requests judgment against Sabert as follows:

A. An award against Defendant Sabert of actual and compensatory damages in an amount established by the evidence, and, pursuant to 17 U.S.C. § 504(b), any profits of Sabert that are attributable to its infringement and which are not taken into account in computing actual damages, together with pre-judgment and post-judgment interest;

B. An award against Defendant Sabert of statutory damages pursuant to 17 U.S.C. § 504(c), together with pre-judgment and post-judgment interest;

C. A preliminary and permanent injunction prohibiting Defendant Sabert and its representatives, agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with any of them, from continuing to infringe JDA's Copyrights in the Software;

D. An award against Defendant Sabert of reasonable attorneys' fees and costs and disbursements for this action, as provided under the Agreement, 17 U.S.C. § 505, and other applicable law;

E. For any and all pre-judgment and post-judgment interest at the rate applicable under the Agreement or other applicable law; and

F. Such other relief deemed appropriate by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so tryable.

Dated this 6th day of February, 2017.

POLSINELLI PC

By: /s/ *Jonathan G. Brinson*
Jonathan G. Brinson
One East Washington Street, Ste. 1200
Phoenix, Arizona 85004
*Attorneys for Plaintiff JDA Software, Inc.*