**Parker Schwartz, PLLC**
Ira M. Schwartz, (SBN 010448)
7310 N. 16th Street, Suite 330
Phoenix, Arizona 85020
*Telephone*: (602) 282-0477
*Facsimile*: (602) 282-0478
ischwartz@psazlaw.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JDA Software, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Sabert Holding Corp.<br><br>Defendant. | Case No.: 2:17-CV-00373-PHX-HRH<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STAY ACTION PENDING ARBITRATION AND IN OPPOSITION TO MOTION TO STAY ARBITRATION** |

## <u>ARGUMENT</u>

### I.

### AN ARBITRATOR SHOULD DECIDE WHETHER <u>JDA'S CLAIMS IN THIS LAWSUIT ARE ARBITRATABLE</u>



PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

JDA raises three arguments to overcome the well-settled rule that the parties' incorporation of the American Arbitration Association's Commercial Rules "constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013). None of JDA's arguments succeed.

**A. The Federal Arbitration Act, not Arizona Law, Determines Which Tribunal Decides Arbitrability.**

JDA contends that the general Arizona choice-of-law clause in the parties' Customer Agreement[1] requires application of Arizona state law to determine which tribunal should decide arbitrability and that Arizona state law requires that the court, not an arbitrator, make that decision. Plaintiff's Response to Defendant's Motion to Dismiss and Motion to Stay Arbitration ("Opposition") at 8-9. JDA is wrong.

"The strong default presumption is that the FAA, not state law, supplies the rules for arbitration [and] a general choice-of-law clause within an arbitration provision does not trump th[is] presumption." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002); *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1213 (9th Cir. 1998) (*Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) "dictates that general choice-of-law clauses do not incorporate state rules" for arbitration); *Texas Nrgize #1 Inc., v. Kahala Franchise Corp.*, No. 15-0337, 2015 WL 3707979, at *2 (D. Ariz. June 15, 2015) ("General

[1] Section 9.1 of the Customer Agreement states: "This Agreement will be governed by the internal laws of the State of Arizona, without reference to its choice of law rules, and may be executed in counterparts." Opposition, Ex. A at 8.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

choice-of-law clauses do not override th[e] presumption" that the FAA "supplies the rules for arbitration.")

Moreover, the "rules of arbitration" supplied by the FAA include "principles that affect the 'allocation of power between alternative tribunals.'" *Sovak*, 280 F.3d at 1270 (quoting *Mastrobuono*, 514 U.S. at 60). Thus, federal law, not state law, determines which tribunal shall determine arbitrability. And federal law unquestionably requires that an arbitrator decide arbitrability under the circumstances presented here. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("we hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability").

**B. The Parties Incorporated the AAA Rules into Their Agreement.**

JDA contends, incredibly, that the parties did not incorporate the AAA rules into their Customer Agreement, despite the inclusion of the following language: "any controversy or claim arising out of or related to this Agreement . . . will be settled by arbitration . . . under the Commercial Rules of the American Arbitration Association." JDA's argument that the AAA rules were not incorporated is circular and question-begging. Essentially, JDA argues that the AAA rules do not govern in this instance because the exemption from arbitration applies to the underlying dispute. Stated differently, JDA is arguing that the AAA rule that an arbitrator shall determine arbitrability is inapplicable because the underlying dispute is not arbitrable. Opposition at 8. The argument thus assumes an answer to the very question that the parties agreed to put to an arbitrator.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

JDA's argument also misunderstands the nature of the arbitrability question that would be put to the arbitrator. The question of arbitrability asks whether the parties' underlying dispute is one the parties have agreed to arbitrate. That question has nothing to do with a claim for nonpayment by Sabert or the seeking of equitable relief. The question of arbitrability thus has not been exempted from the parties' arbitration agreement.

**C. The Arbitrator Has Never Been Asked To Find, and Has Never Found, that JDA Is Entitled to Litigate the Claims Asserted in this Action.**

JDA also suggests that the arbitrator has already determined that JDA's claims in this litigation are not arbitrable and may be litigated at JDA's discretion. Opposition at 7-8. JDA is wrong here too.

JDA's argument relies on this statement in the arbitrator's written opinion denying JDA's motion to dismiss the arbitration: "The Arbitration Agreement allows Respondent JDA Software, Inc., to elect to bring a claim for nonpayment either in arbitration or in Court. The Arbitration Agreement also allows either party to bring claims for equitable relief or injunctive relief in arbitration or in Court." Opposition at 7-8.

This statement, however, simply paraphrases the parties' arbitration agreement and does not come close to a finding that JDA's claim in this litigation is a "claim for nonpayment." Nowhere in his decision did the arbitrator make (nor was he ever asked to make) a finding that JDA's claims in this litigation constitute "claims for nonpayment" and are therefore exempted from the parties' arbitration agreement. Indeed, the arbitrator's decision never even mentions JDA's complaint or the fact that JDA has filed this lawsuit.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

Rather the arbitrator's decision addresses solely the question whether the claims asserted by Sabert in its Demand for Arbitration were arbitrable.

Moreover, the notion that JDA's claims in this litigation are not arbitrable is inconsistent with the arbitrator's findings in his opinion denying JDA's motion to dismiss the arbitration. The arbitrator found that the arbitration presented two key issues: 1) "whether Sabert has materially breached the Customer Agreement" and 2) "whether Sabert could be in material breach of the Customer Agreement when there is a good faith dispute as to whether Sabert owes additional license fees to JDA and if so, the amount of those fees." Arbitrator Decision at 3 (Declaration of Christopher Walsh, Ex. C). The arbitrator also found that neither issue was exempted from the parties' arbitration provision because neither issue necessarily requires a finding that there was a "nonpayment" by Sabert "of amounts owing to JDA." Arbitrator Decision at 3-4.

But the two key issues identified by the arbitrator are also key issues in this litigation. Thus, it is hard to imagine how the arbitrator could find that the claims in this litigation (except for the demand for injunctive relief) are not arbitrable. In any event, for the reasons already discussed, the issue of arbitrability must first be put to the arbitrator before any of JDA's claims for legal relief can proceed in this court.

///

///

///

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

**II.**

**<u>JDA'S CLAIMS FOR MONEY DAMAGES ARE NOT EXEMPT FROM ARBITRATION</u>**

**A. JDA's Breach of Contract and Copyright Claims Are Not Exempt from Arbitration Because They Are Not Claims for "Nonpayment" of "Amounts Owing to JDA."**

JDA argues that its claims for money damages are exempted from mandatory arbitration because the claims are "for the nonpayment by [Sabert] of amounts owing to JDA." But there has been no determination yet that any amounts are in fact "owing to JDA" and the question whether any amounts are in fact "owing to JDA" is hotly contested. Given that there is a legitimate dispute over whether any amount is "owing to JDA," Sabert cannot be charged with "nonpayment" of such amounts, at least not until it is established by the appropriate tribunal that amounts are in fact "owing to JDA." And, as Sabert has already noted, if it is determined that any amounts are "owing to JDA," Sabert will promptly pay what is deemed to be owing. Declaration of Michael Freeman in Support of Motion to Dismiss or Stay Action Pending Resolution of Pending Arbitration, ¶10. Thus, the contractual exemption from arbitration does not apply here.

The most that JDA can plausibly claim is that the arbitration provision is ambiguous as to whether JDA's present claims are claims for "nonpayment" of amounts "owing to JDA." But the FAA requires that any such ambiguities be resolved in favor of arbitration. *Volt Info. Scis., Inc. v. Bd. of Trustees*, 489 U.S. 468, 476 (1989). Thus, if the Court decides

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

that it should decide arbitrability, it should find that JDA's claims for damages must be arbitrated and should dismiss or stay those claims.

**B. JDA's Copyright Claim Is Arbitrable Because It "Relates To" the Customer Agreement.**

JDA also mistakenly argues that its claim for copyright infringement is not arbitrable because it arose after JDA terminated the Customer Agreement. This argument is flawed for several reasons.

First, it is hotly disputed whether JDA effectively terminated the Customer Agreement. Whether it did is one of the central matters to be resolved in the parties' arbitration. *See* Arbitration Demand, Count One (seeking declaratory judgment that JDA's attempted termination was ineffective and that the Customer Agreement continues in full force and effect).

Second, *when* a claim arises has nothing to do with whether the claim is subject to the parties' arbitration agreement. Instead, a claim is arbitrable if it "aris[es] out of or relate[s] to" the Customer Agreement. Nothing in the parties' arbitration agreement says that a claim must arise prior to the termination of the Customer Agreement.

Third, JDA's copyright claim clearly "relates to" the Customer Agreement. JDA's copyright claim is based on Sabert's continued use of the software after the Customer Agreement was allegedly terminated. Opposition at 6-7. Thus, a fundamental element in JDA's copyright claim will be showing that JDA validly terminated the Customer Agreement, which in turn will require showing that Sabert's refusal to accept JDA's flawed

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

audit and capitulate to JDA's demand for payment based on the audit constitutes a material breach of the Customer Agreement. Consequently, the terms of the Customer Agreement will play a central role in the determination of JDA's copyright claim. The copyright claim, at a minimum, "relates to" the Customer Agreement and is therefore arbitrable.

## III.

## JDA'S CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE STAYED PENDING A RESOLUTION OF AN ARBITRATION HEARING ON JDA'S CLAIMS FOR DAMAGES

Sabert acknowledges that JDA's demand for injunctive relief—just one of five types of relief sought by JDA in this action—is not arbitrable because the arbitration provision clearly allows JDA to seek such relief in this Court. That said, considerations of judicial expediency call for staying JDA's demand for an injunction until its claims for legal relief are resolved in arbitration.

JDA's demand for an injunction is based on the very same causes of action for which it is seeking money damages. Thus, without a stay of JDA's demand for injunctive relief, there will be duplicative discovery and evidentiary hearings in both cases, thus effectively doubling the cost of the litigation to the parties. Such duplication between an arbitration over legal claims and litigation over equitable claims can—and often is—avoided by staying the litigation over the equitable claims while the arbitration over the legal claims proceeds to a conclusion. *See Uptown Drug Co. v. CVS Caremark Corp.*, 962 F. Supp. 2d 1172, 1186-87 (N.D. Cal. 2013) (staying nonarbitrable demand for injunctive relief pending arbitration of the parties' arbitrable disputes); *Gray v. Conseco, Inc.*, No. 00-322, 2000 WL 1480273,

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

at * 8 (C.D. Cal. Sep. 29, 2000) ("To promote judicial economy and efficiency, the Court will stay the non-arbitrable equitable portion of the … claim pending the outcome of arbitration".); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court … as a matter of its discretion to control its docket.")

In fact, one court in this District has interpreted a similar provision exempting equitable claims from arbitration as *requiring* that one arbitrate the merits of the dispute before seeking a permanent injunction. *Noodles Dev., L.P. v. Latham Noodles LLC*, Case No. 09-1094, 2009 WL 2710137 at *8 (D. Ariz. Aug. 26, 2009) (Plaintiff "must obtain a substantive determination of the merits of its claims from an arbitral tribunal before applying for a permanent injunction from this Court").

The bottom line is that considerations of judicial efficiency and sound judicial case management call for having the legal claims arbitrated before JDA's demand for injunctive relief is considered by this Court. The Court should therefore stay JDA's demand for injunctive relief until there has been a final resolution of JDA's claims for legal relief in arbitration.

**IV.**

**THE ARBITRATION SHOULD NOT BE STAYED**

There is no reason to stay the pending arbitration. The arbitrator has already ruled that the claims asserted in the arbitration are arbitrable; the parties have already begun

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

discovery; and the parties expect to conduct a hearing in the next five months. There is no reason to put a hold on a process that promises to promptly resolve many, if not all, of the parties' controversies.

Moreover, for the reasons already discussed, virtually all of the claims and demands for relief in this case must be arbitrated. Only JDA's claim for an injunction is not arbitrable. There is no reason to stay an arbitration procedure that can resolve all or virtually all of the parties' disputes in favor of a litigation proceeding that will resolve only one small aspect of the larger controversy.

Finally, JDA's request for a stay of the arbitration proceeding is based on the premise that the claims in the arbitration are derivative of the claims asserted in this litigation. But the opposite is true: the claims in the arbitration are logically prior to the claims in this litigation. The arbitration will decide two central issues: 1) whether the Customer Agreement was properly terminated and 2) whether Sabert owes any money to JDA based on JDA's audit. The resolution of those two issues will go a long way to resolving the issues asserted in this litigation. If the arbitrator finds that JDA did not have the right to terminate the Customer Agreement because Sabert did not materially breach it, then JDA's claim for copyright infringement will necessarily fail. Likewise, if the arbitrator finds that Sabert owes no money to JDA, then JDA's breach of contract claim necessarily will fail. It thus makes eminent sense to have the claims in the arbitration proceed before any of the claims asserted in this matter.

JDA's motion to stay the arbitration should therefore be denied.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

## CONCLUSION

For the foregoing reasons, Sabert respectfully requests that the Court: 1) dismiss or stay this action until the pending arbitration proceeding between Sabert and JDA has been concluded and 2) deny JDA's cross motion to stay the pending arbitration proceeding.

**PARKER SCHWARTZ, PLLC**

By */s/Ira M. Schwartz*
Ira M. Schwartz
7310 North 16th Street
Suite 330
Phoenix, Arizona 85020
*Attorneys for Defendant*

Certificate of Service

I certify that on April 3, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those attorneys registered with CM/ECF:

Jonathan G. Brinson
Polsinelli PC
One E. Washington St., STE 1200
Phoenix AZ 85004
jbrinson@polsinelli.com
*Attorneys for Plaintiff*

*/s/Ira M. Schwartz*